UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| TIMOTHY H. EDGAR; RICHARD H. IMMERMAN; MELVIN A. GOODMAN; ANURADHA BHAGWATI; and MARK FALLON,<br><br>*Plaintiffs*,<br><br>v.<br><br>DANIEL COATS, in his official capacity as Director of National Intelligence; GINA HASPEL, in her official capacity as Director of the Central Intelligence Agency; PATRICK M. SHANAHAN, in his official capacity as Acting Secretary of Defense; and PAUL M. NAKASONE, in his official capacity as Director of the National Security Agency,<br><br>*Defendants*. | Civil Action No. 19-cv-985-GJH |

**PLAINTIFFS TIMOTHY EDGAR, ANURADHA BHAGWATI, AND MARK FALLON'S MEMORANDUM IN SUPPORT OF MOTION FOR PERMISSION TO OMIT HOME ADDRESSES FROM CAPTION**

Local Rule 102.2(a) provides in part that the case caption of the original complaint "shall contain the names and addresses of all parties." However, Plaintiffs Timothy Edgar, Anuradha Bhagwati, and Mark Fallon fear that including their personal addresses on the public record, which may be reproduced in linked documents published in prominent public news sources that are likely to take interest in this action, presents particular risks of targeted harassment and even violence.

Plaintiffs are not aware of a controlling standard this Court employs in deciding whether to waive the requirement of Local Rule 102.2(a) that plaintiffs publish their home addresses in their complaints. Federal Rule of Civil Procedure 5.2(e)(1), however, provides that a court may

1

order the redaction of additional information from filed documents "for good cause." Moreover, in this context, courts in this district have used as a guide the Fourth Circuit's legal standard for considering a litigant's request to proceed by pseudonym. *See, e.g.*, *Casa de Md., Inc. v. Trump*, No. GJH-18-845, 2018 WL 1947075, at *1 (D. Md. Apr. 25, 2018). That standard requires a court to balance a "party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). When considering a request to proceed under a pseudonym, the Fourth Circuit has identified the following non-exhaustive list of relevant factors: "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

In this case, there is good cause to permit Plaintiffs Edgar, Bhagwati, and Fallon to omit their home addresses from the caption of the complaint. First, Plaintiffs Edgar, Bhagwati, and Fallon reasonably fear for their physical safety and that of their family members, in light of the passions that may be inflamed by this lawsuit against high-ranking government actors. Ms. Bhagwati is an activist and author who conducts public advocacy on issues of misogyny, racism, and sexual violence in the military, and fears for her safety from trolls and stalkers that could result from the publication of her home address. That fear is reasonable, as she has been subject

to stalking and to repeated online attacks by trolls in the past for her advocacy work, and because advocacy on similar issues regularly provokes targeted threats and harassment. *See, e.g.*, Laura Gianino, *I Went Public With My Sexual Assault. And Then the Trolls Came for Me.*, Wash. Post (Oct. 18, 2017), https://wapo.st/2UaFHoG. Likewise, Mr. Fallon is the former Deputy Commander and Special Agent in Charge of the Defense Department's Criminal Investigation Task Force, in which he investigated alleged al-Qaeda terrorists for trial, and is the former Tactical Commander for the NCIS USS Cole Task Force, in which he was responsible for investigating the attack on the USS Cole in Yemen, and he fears that the publication of his home address will risk his and his family's physical safety. And finally, Mr. Edgar resides with his young children and fears for their safety if his home address is made public in relation to this case.

On the other side of the ledger, the public interest in forcing Plaintiffs to divulge their home addresses in this case is marginal. Plaintiffs' home addresses "will [not] be relevant to any questions of law or fact that the Court must resolve." *Casa de Md.*, 2018 WL 1947075, at *2; *see also Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1. 2017) ("[T]he public interest in the identity of the [plaintiffs] is reduced because the claim is a pure legal challenge [to the Government action] such that the individual plaintiffs play only a minor role in the litigation."). And unlike the public's general interest in knowing the *identities* of litigants, there is no comparable and categorical interest in requiring plaintiffs to proactively publish their personal addresses as a condition of filing suit. In fact, many federal district courts explicitly prohibit the publication of a litigant's home address information. *See, e.g.*, *Porter v. Banking Branch & Tr. Co.*, No. 1:09-CV-3656-JEC-JFK, 2010 WL 11647377, at *1 (N.D. Ga. Feb. 24, 2010) (explaining standing order in Northern District of Georgia requiring

that where "a home address must be included" on documents filed electronically, "only the city and states should be listed"); *Fodor v. Blakey*, No. CV1108496MMMRZX, 2012 WL 12893986, at *9 (C.D. Cal. Dec. 31, 2012) (same).

Further, there is "no basis to conclude that allowing the Individual [Plaintiffs] to proceed with their addresses shielded from public view will prejudice the Government in any way." *Casa de Md.*, 2018 WL 1947075, at *2. To the extent the government articulates a legitimate interest in learning Plaintiffs' addresses, Plaintiffs, through their counsel, are willing to provide them to Defendants' counsel, if they provide adequate assurances against public disclosure.

In light of this balance of interests, Plaintiffs' request for the modest relief of omitting their home addresses from the case caption is a reasonable one. *See, e.g.*, *Reaves v. Jewell*, No. CIV.A. DKC-14-2245, 2014 WL 6698717, at *2 (D. Md. Nov. 26, 2014) (ordering redaction of defendants' home addresses under Fed. R. Civ. P. 5.2(e) for "good cause" to protect safety). Plaintiffs seek to protect their constitutional rights without having to endure potential harassment at their residences. And they have presented reasons why publication of their home addresses "poses a risk of retaliatory physical or mental harm," including to "innocent third parties." *Id*.

For these reasons, the motion should be granted.

| | |
|---|---|
| April 2, 2019 | Respectfully submitted, |

Brett Max Kaufman[*]  
Vera Eidelman[*]  
Naomi Gilens[*]  
American Civil Liberties Union Foundation  
125 Broad Street, 18th Floor  
New York, NY 10004  
T: 212.549.2500  
F: 212.549.2654  
bkaufman@aclu.org  
veidelman@aclu.org  
ngilens@aclu.org  

Jameel Jaffer[*]  
Alex Abdo[*]  
Ramya Krishnan[*]  
Knight First Amendment Institute  
  at Columbia University  
475 Riverside Drive, Suite 302  
New York, NY 10115  
T: 646.745.8500  
jameel.jaffer@knightcolumbia.org  
alex.abdo@knightcolumbia.org  
ramya.krishnan@knightcolumbia.org

/s/ *David R. Rocah*
David R. Rocah (Bar No. 27315)
American Civil Liberties Union Foundation
  of Maryland
3600 Clipper Mill Road, Suite 350
Baltimore, MD 21211
T: 410.889.8555
F: 410.366.7838
rocah@aclu-md.org            *Counsel for Plaintiffs*

\* *pro hac vice* application forthcoming